EARL G. HOWARTH

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

MILITARY SERVICE—*when award will be made for injuries received in.* A member of the Illinois Naval Reserve who is injured in the service of the State under orders from the Commander-in-Chief, is entitled to an award in the Court of Claims.

Cecil Page, for Claimant.

P. J. Lucey, Attorney General, for State.

The claimant in this case was a young man at the time of the accident and was regularly enlisted as a seaman in the Third Division of the Illinois Naval Reserve, a part of the organized military force of the State, and was under the rules and regulations covering military bodies. He was required to render obedience to all orders of his superior officers, and a part of the duties of the Naval Reserve consisted in taking cruises on Lake Michigan and the other Great Lakes.

On or about August 1, 1914, he was ordered by Captain Edward A. Evers, Commanding Officer of the Naval Reserve, which he was enlisted with the Third Division, as a seaman, to go on a cruise on the United States Steamship "Dubuque," and claimant was ordered to and did serve as a seaman on board said ship from that date, until on or about September 7, 1914. His particular duty on board the ship during the cruise was that of captain of the stow-hole, to stow below deck various equipment, and bring same forth when needed. The store-room or stow-hole below deck was raised by means of an opening through the deck called a hatchhole, which was bordered with a ledge extending upwards from the deck approximately one-half inch. Over the hatch hole was constructed an iron cover operating on hinges, with a ledge on the underside extending downward approximately one-half inch and fitting over the ledge on the deck so as to prevent water from entering the stow-hole. The cover weighing approximately one hundred pounds. On or about August 18, 1914, at the hour of 4 A. M., while the sea was somewhat rough causing the ship to rock, claimant, after having stowed away a quantity of equipment, and using due care for his own safety, sought to close the cover over the ledge when he lost control of it, the cover falling on the index finger of his right hand and practically severed it; although the finger was not amputated, it is now stiff and he has no use of same.

At the time of his injury he was earning $14.00 per week; he was prevented from following his business for four weeks and thereafter

earned $30.00 per month for two years in service of the Illinois Naval Reserve.

The State admits all the facts alleged in claimant's declaration, and admits that claimant under the law of the State of Illinois as cited in the brief, is entitled to a recovery, but contends that claimant should not be awarded a large amount or the amount he claims, to-wit: $2,000.00.

Considering the injury, that it was the index finger of his right hand, and the manner in which same was sustained, that he received about half pay for two years, we are of the opinion that claimant is entitled to an award.

An award is therefore made to claimant in the sum of $800.00.